**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BLUE-GRACE LOGISTICS LLC,

Plaintiff,

v.

Case No. 8:21-cv-2523-KKM-CPT

DAVID FAHEY, MARK FOX, TYLER WILKIEL, JASON COLLE, and TRAFFIC TECH, INC.

Defendants.

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants David Fahey, Mark Fox, Tyler Wilkiel, and Jason Colle (collectively, the "Individual Defendants"), and Traffic Tech, Inc. ("Traffic Tech") make the following Answer to Plaintiff Blue-Grace Logistics, LLC's ("Blue-Grace") Amended Complaint. Defendants deny each and every allegation contained in the Complaint unless hereafter specifically admitted, qualified, or otherwise answered. Further, Defendant Fahey and Defendant Traffic Tech incorporate by reference their previously pled Counterclaims, which were asserted on July 13, 2021 in the Circuit Court of the Thirteenth Judicial District in and for Hillsborough County, Florida.

## JURISDICTION, PARTIES AND VENUE

1. Paragraph 1: Defendants admit that Blue-Grace seeks injunctive relief and damages in excess of $75,000.00 and that the Court has jurisdiction over

the subject matter. Defendants deny that Blue-Grace is entitled to any relief it seeks.

2. Paragraph 2: Defendants admit that this Court has personal jurisdiction over the Individual Defendants.

   a. Paragraph 2a: Defendants admit that the Individual Defendants signed Employment Agreements, the terms of which speak for themselves

   b. Paragraph 2b: Defendants admit that Fahey travelled to Florida three times in connection with his employment at Blue-Grace over the course of his employment

   c. Paragraph 2c: Defendants admit that Fahey travelled to Florida for a brief training on Blue-Grace's systems at the beginning of his employment at Blue-Grace.

   d. Paragraph 2d: Denied.

   e. Paragraph 2e: Defendants admit only that the Individual Defendants were employed by Blue-Grace was their employer. Defendants deny the remaining allegations of this Paragraph.

   f. Paragraph 2f: Defendants admit only that they received technical assistance from Blue-Grace employees. Defendants deny the remaining allegations of this Paragraph.

   g. Paragraph 2g: Defendants admit only that they had written and telephone communications with Blue-Grace employees while

employed at Blue-Grace. Defendants deny the remaining allegations of this Paragraph.

h. Paragraph 2h: Defendants admit that Blue-Grace paid them for their work.

i. Paragraph 2i: Defendants admit that they were insured through Blue-Grace.

j. Paragraph 2j: Defendants admit that they signed Employment Agreements and the terms of the Agreements speak for themselves.

k. Paragraph 2k: Defendants admit that they signed Employment Agreements, and upon recollection, were aware that Blue-Grace had a headquarters in Florida at the time of signing.

3. Paragraph 3: Defendant Traffic Tech consents to personal jurisdiction in this Court and admits that it conducts business in Florida. Traffic Tech denies that it committed tortious acts in Florida.

4. Paragraph 4: Upon information and belief, Defendants admit the allegations in Paragraph 4 regarding Blue-Grace's members.

5. Paragraph 5: Admitted.

6. Paragraph 6: Admitted.

7. Paragraph 7: Admitted.

8. Paragraph 8: Admitted.

9. Paragraph 9: Defendant Traffic Tech admits only that it has a registered agent in Florida and an office in Chicago, Illinois. Defendant Traffic Tech denies the remaining allegations of Paragraph 9.

10. Paragraph 10: Defendants admit only that venue is proper in the Middle District of Florida.

**OPERATIVE FACTS**

11. Paragraph 11: Defendants admit only that Blue-Grace uses a "web-based transportation management system." Defendants lack sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 11 and therefore deny the same.

12. Paragraph 12: Defendants admit only that all third-party logistics companies (3PLs), such as Blue-Grace and Traffic Tech, work with freight carriers. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 12 and therefore deny the same.

13. Paragraph 13: Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 13 and therefore deny the same.

14. Paragraph 14: Defendants admit only that Fahey signed an employment agreement with Blue-Grace Logistics, LLC on or around August 28, 2017, the terms of which speak for themselves. Defendants deny all remaining allegations in Paragraph 14.

15. Paragraph 15: Defendants admit only that Fahey was a Carrier Sales Manager and, eventually, a Carrier Sales Director during his employment at

Blue-Grace and that he had responsibilities consistent with those positions. Defendants deny the remaining allegations of Paragraph 15.

16. Paragraph 16: Defendants admit only that Defendant Fox signed an employment agreement with Blue-Grace Logistics, LLC on or around April 16, 2018, the terms of which speak for themselves. Defendants deny all remaining allegations in Paragraph 16.

17. Paragraph 17: Defendants admit only that Defendant Fox was a carrier sales representative during his employment at Blue-Grace and had responsibilities consistent with that position. Defendants deny the remaining allegations of Paragraph 17.

18. Paragraph 18: Defendants admit only that Defendant Wilkiel signed an employment agreement with Blue-Grace Logistics, LLC on or around January 29, 2018, the terms of which speak for themselves. Defendants deny all remaining allegations in Paragraph 18.

19. Paragraph 19: Defendants admit only that Defendant Wilkiel was a carrier sales representative during his employment at Blue-Grace and had responsibilities consistent with that position. Defendants deny the remaining allegations of Paragraph 19.

20. Paragraph 20: Defendants admit only that Defendant Colle signed an employment agreement with Blue-Grace Logistics, LLC on or around August 8, 2016, the terms of which speak for themselves. Defendants deny all remaining allegations in Paragraph 20.

21. Paragraph 21: Defendants admit only that Defendant Colle was a carrier sales representative and a carrier sales team lead during his employment at Blue-Grace and had responsibilities consistent with those positions. Defendants deny the remaining allegations of Paragraph 19.

22. Paragraph 22: Defendants admit that Blue-Grace refers to the Employment Agreements that the Individual Defendants signed as Employment Agreements throughout the Amended Complaint.

23. Paragraph 23: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterizations by Blue-Grace of those Employment Agreements that are inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 23.

24. Paragraph 24: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterizations by Blue-Grace of those Employment Agreements that are inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 24.

25. Paragraph 25: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterizations by Blue-Grace of those Employment Agreements that are inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 25.

26. Paragraph 26: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterizations by Blue-Grace of those Employment Agreements that are inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 26.

27. Paragraph 27: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterizations by Blue-Grace of those Employment Agreements that are inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 27.

28. Paragraph 28: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterizations by Blue-Grace of those Employment Agreements that are inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 28.

29. Paragraph 29: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterizations by Blue-Grace of those Employment Agreements that are inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 29, and specifically deny that they carefully read the provisions of the Employment Agreements and that such provisions are fair and reasonable.

30. Paragraph 30: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterizations by Blue-Grace of those Employment Agreements that are inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 30.

31. Paragraph 31: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterizations by Blue-Grace of those Employment Agreements that are inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 31, and specifically deny that they consented to injunctive relief.

32. Paragraph 32: Defendants admit only that they had access to information relevant to their employment at Blue-Grace through various sources. Defendants deny the remaining allegations in Paragraph 32.

33. Paragraph 33: Denied.

34. Paragraph 34: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterizations by Blue-Grace of those Employment Agreements that are inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 31. Specifically, Defendants deny that Blue-Grace has taken reasonable steps to protect its legitimate business interests and Confidential Information.

35. Paragraph 35: Denied.

36. Paragraph 36: Denied.

37. Paragraph 37: Denied.

38. Paragraph 38: Denied.

39. Paragraph 39: Denied.

40. Paragraph 40: Defendants admit only that Defendant Fahey was a carrier sales manager and had supervisory responsibilities in that capacity.

41. Paragraph 41: Defendants admit the allegations of Paragraph 41.

42. Paragraph 42: Defendants admit only that Fahey emailed the referenced PowerPoint from his Blue-Grace work email to his personal email on or around November 6, 2020. Defendants deny the suggestion that Fahey sent this PowerPoint to himself in connection with his employment at Traffic Tech.

43. Paragraph 43: Defendants state that the contents of the referenced PowerPoint speak for themselves. Defendants deny any characterizations by Blue-Grace of that PowerPoint that are inconsistent with its content.

44. Paragraph 44: Defendants admit only that Defendant Fahey emailed his personal notes to himself prior to resigning in anticipation of an interview with a different 3PL not party to the lawsuit. Defendants deny the remaining allegations in Paragraph 44. Specifically, Defendants deny that the information contained in these notes is Blue-Grace's confidential and/or proprietary business information.

45. Paragraph 45: Denied.

46. Paragraph 46: Denied.

47. Paragraph 47: Defendants admit only that Defendant Fahey began employment at Traffic Tech after leaving Blue-Grace, and in fact, Fahey informed Blue-Grace that he was leaving to work for Traffic Tech at or around the time of his resignation.

48. Paragraph 48: Defendants admit only that they have not destroyed evidence pursuant to their obligations to preserve potentially relevant information. Defendants deny the remaining allegations of Paragraph 48.

49. Paragraph 49: Admitted.

50. Paragraph 50: Admitted.

51. Paragraph 51: Admitted.

52. Paragraph 52: Defendants admit that Traffic Tech and Blue-Grace compete in some respects, but state that Traffic Tech provides services that Blue-Grace does not and that the two companies do not have the same customers and do not have the same focuses.

53. Paragraph 53: Defendants admit only that Defendant Fox and Defendant Wilkiel were carrier sales representatives at Blue-Grace, that Defendant Colle was a carrier sales team lead at Blue-Grace, and that Defendant Fahey was above these Defendants in Blue-Grace's reporting structure. Defendants deny the remaining allegations of Paragraph 53.

54. Paragraph 54: Denied

55. Paragraph 55: Denied.

56. Paragraph 56: Denied.

57. Paragraph 57: Defendants admit that Defendant Traffic Tech hired Defendant Fahey. Defendants deny the remaining allegations of Paragraph 57.

58. Paragraph 58: Defendants admit that Traffic Tech hired Defendant Fox, Defendant Wilkiel, and Defendant Colle. Defendants deny the remaining allegations of Paragraph 58.

59. Paragraph 59: Admitted.

60. Paragraph 60: Defendants admit only that Defendant Traffic Tech hired the Individual Defendants. Defendants deny the remaining allegations of Paragraph 60.

61. Paragraph 61: Defendants admit only that Traffic Tech hired the Individual Defendants. Defendants deny the remaining allegations of Paragraph 61.

62. Paragraph 62: Defendants admit only that Traffic Tech has agreements with the Individual Defendants regarding legal fees and costs associated with defending this action.

63. Paragraph 63: Denied.

64. Paragraph 64: Denied.

65. Paragraph 65: Defendants admit only that Blue-Grace allowed (*i.e.*, authorized) Defendant Wilkiel to access ORCA for approximately two weeks

after his employment for Blue-Grace. Defendants deny the remaining allegations of Paragraph 65.

66. Paragraph 66: Denied.

67. Paragraph 67: Defendants admit only that, on or around July 14, 2021, a former Blue-Grace intern that is not a party to the lawsuit accidently logged into the publicly available website platform, Carrier411, using account credentials that had been automatically stored in google chrome. Defendants deny the remaining allegations of Paragraph 67.

68. Paragraph 68: Denied

69. Paragraph 69: Defendants admit that attorneys from Gunster Yoakley & Stewart, P.A. have been representing Blue-Grace in this action. Defendants are without sufficient information and knowledge regarding the payment structure between Blue-Grace and its attorneys and therefore deny the same. Defendants further deny that Blue-Grace is entitled to costs and attorneys' fees incurred in this action, and affirmatively state that the Defendants are entitled to *their* attorneys' fees under Fla. Stat. § 542.335(k).

70. Paragraph 70: Defendants are without sufficient information or knowledge regarding the allegations of Paragraph 70 and therefore deny the same.

**COUNT I**
**(BREACH OF CONTACT/ INJUNCTIVE RELIEF AGAINST FAHEY)**

71. Paragraph 71: Defendants reallege their answers to paragraphs 1 through 70 above.

72. Paragraphs 72-79: Paragraph 72-79 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 72-79.

73. Count I *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks and specifically deny that such relief is available to it under Florida law, the Federal Rules of Civil Procedure, or the terms of the Employment Agreement.

**COUNT II**
**(BREACH OF CONTACT/ DAMAGES AGAINST FAHEY)**

74. Paragraph 80: Defendants reallege their answers to paragraphs 1 through 70 above.

75. Paragraphs 81-83: Paragraphs 81-83 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 81-83.

76. Count II *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks.

**COUNT III**
**(BREACH OF CONTACT/ INJUNCTIVE RELIEF AGAINST FOX)**

77. Paragraph 84: Defendants reallege their answers to paragraphs 1 through 70 above.

78. Paragraph 85-90: Paragraphs 85-90 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 85-90.

79. Count III *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks and specifically deny that such relief is available to it under Florida law, the Federal Rules of Civil Procedure, or the terms of the Employment Agreement.

**COUNT IV**
**(BREACH OF CONTACT/ DAMAGES AGAINST FOX)**

80. Paragraph 91: Defendants reallege their answers to paragraphs 1 through 70 above.

81. Paragraph 92-94: Paragraphs 92-94 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 92-94.

82. Count IV *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks.

**COUNT V**
**(BREACH OF CONTACT/ INJUNCTIVE RELIEF AGAINST WILKIEL)**

83. Paragraph 95: Defendants reallege their answers to paragraphs 1 through 70 above.

84. Paragraph 96-101: Paragraphs 96-101 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 96-101.

85. Count V *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks and specifically deny that such relief is available

to it under Florida law, the Federal Rules of Civil Procedure, or the terms of the Employment Agreement.

**COUNT VI**
**(BREACH OF CONTACT/ DAMAGES AGAINST WILKIEL)**

86. Paragraph 102: Defendants reallege their answers to paragraphs 1 through 70 above.

87. Paragraph 103-105: Paragraphs 103-105 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 103-105.

88. Count VI *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks.

**COUNT VII**
**(BREACH OF CONTACT/ INJUNCTIVE RELIEF AGAINST COLLE)**

89. Paragraph 106: Defendants reallege their answers to paragraphs 1 through 70 above.

90. Paragraph 107-112: Paragraphs 107-112 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 107-112.

91. Count VII *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks and specifically deny that such relief is available to it under Florida law, the Federal Rules of Civil Procedure, or the terms of the Employment Agreement.

**COUNT VIII**
**(BREACH OF CONTACT/ DAMAGES AGAINST COLLE)**

92. Paragraph 113: Defendants reallege their answers to paragraphs 1 through 70 above.

93. Paragraph 103-105: Paragraphs 114-116 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 114-116.

94. Count VIII *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks.

**COUNT IX**
**(TORTIOUS INTERFERENCE WITH CONTRACT AGAINST TRAFFIC TECH)**

95. Paragraph 117: Defendants reallege their answers to paragraphs 1 through 70 above.

96. Paragraph 118-122: Paragraphs 118-122 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraphs 118-122.

97. Count IX *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks.

**COUNT X**
**(INJUNCTIVE RELIEF AGAINST TRAFFIC TECH)**

98. Paragraph 123: Defendants reallege their answers to paragraphs 1 through 70 above.

99. Paragraph 124: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterization of the Employment Agreements that are inconsistent with the terms thereof. Defendants deny the remaining allegations of Paragraph 125.

100. Paragraph 125: Defendants admit only that the Individual Defendants remain employed at Traffic Tech. Defendants deny the remaining allegations of Paragraph 125.

101. Paragraphs 126-128: Defendants admit only that the Individual Defendants signed Employment Agreements with Blue-Grace, the terms of which speak for themselves. Defendants deny any characterization of the Employment Agreements that are inconsistent with the terms thereof. Defendants deny the remaining allegations of Paragraphs 126-128.

102. Paragraph 129: Denied.

103. Paragraph 130-137: Paragraphs 130-137 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 130-137.

104. Count X *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks and specifically deny that such relief is available to it under Florida law, the Federal Rules of Civil Procedure, or the terms of the Employment Agreements.

**COUNT XI**
**(AIDING AND ABETTING BREACH OF RESTRICTIVE COVENANTS AGAINST TRAFFIC TECH)**

105. Paragraph 138: Defendants reallege their answers to Paragraphs 1 through 70 and Paragraph 124-137 above.

106. Paragraphs 139-142: Paragraphs 139-142 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 139-142.

107. Count IX *ad damnun* clause: Defendants deny that Blue-Grace is entitled to any of the relief that it seeks.

**AFFIRMATIVE DEFENSES**

Defendants, for their affirmative defenses to Blue-Grace's Amended Complaint, state and allege the following and reserve the right to assert additional defenses that may become apparent during the course of investigation and/or discovery, and reserve the right to Amend this Answer and assert any such affirmative defenses:

1. The Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.
2. Blue-Grace's Amended Complaint is barred or limited because any purported contractual obligations are barred or limited by one or more of the following doctrines: denial of performance or occurrence of conditions precedent, failure of considerations, lack of mutuality, recission, public policy, duress, illegality, and/or unconscionability.

3. Blue-Grace's Amended Complaint is barred or limited by the doctrines of failure of consideration, estoppel, fraud, waiver, laches, consent, unclean hands and/or in pari delecto.
4. Blue-Grace failed to mitigate its damages, if any.
5. The restrictive covenants are void and unenforceable because they are not supported by a legitimate business interest, are not reasonably necessary to protect any legitimate business interest, and/or are overbroad and overlong.
6. Blue-Grace's Amended Complaint is barred or limited because Defendants had legal justification for their actions, their actions were privileged, and/or the Individual Defendants' employment with Blue-Grace was terminable at-will.
7. Blue-Grace's claims for tortious interference fail because Traffic Tech did not cause or induce the Individual Defendants to breach their agreements.
8. Blue-Grace's Amended Complaint fails to state a claim under Florida and/or Illinois law.
9. Any damages sustained by Blue-Grace, as alleged in the Amended Complaint, were caused by or contributed to by its own actions or inaction.

10. To the extent that Blue-Grace has suffered harm, injury or damages, Defendants were neither the direct nor the proximate cause of that harm or injury, or those damages.

11. Defendants assert that the claims contained in the Complaint may be barred by any and all of the affirmative defenses contemplated by Rules 8 and/or 12 of the Federal Rules of Civil Procedure, which are incorporated herein.

## PRAYER FOR RELIEF

WHEREFORE, having stated their answer and affirmative defenses, Defendants pray for relief as follows:

1. That the Amended Complaint be dismissed with prejudice;
2. That the Court award Defendants their costs, disbursements, and attorneys' fees incurred in this action; and
3. For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Defendants demand a trial by jury for all issues so triable.

By: */s Pamela Abbate-Dattilo*

Pamela Abbate-Dattilo (admitted *pro hac vice*)
Lukas S. Boehning (admitted *pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000
(612) 492-7077 Fax
pabbatedattilo@fredlaw.com
lboehning@fredlaw.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I CERTIFY that on January 3, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties of record.

By: */s Lukas S. Boehning*
Lukas S. Boehning